Hamal v. Garland

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 14th day of May, two thousand twenty one.

Present:     ROSEMARY S. POOLER,
             REENA RAGGI,
             SUSAN L. CARNEY,
                  *Circuit Judges*.

_____

RAJESH HAMAL,

                  *Petitioner*,

              v.                                                    19-2467

MERRICK B. GARLAND, UNITED STATES ATTORNEY
GENERAL,

                  *Respondent*.

_____

Appearing for Appellant:     Dilli Raj Bhatta, Bhatta Law & Associates, New York, N.Y.

Appearing for Appellee:      Jeffrey Bossert Clark, Acting Assistant Attorney General (John S. Hogan, Assistant Director, Robbin K. Blaya, Trial Attorney, Office of Immigration Litigation) *for* Merrick B. Garland, United States Attorney General, United States Department of Justice, Washington, D.C.

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review be and it hereby is **GRANTED**, the BIA's decision is **VACATED**, and the case is **REMANDED** for further proceedings.

Petitioner Rajesh Hamal, a native and citizen of Nepal, seeks review of a July 12, 2019 decision of the Board of Immigration Appeals ("BIA") affirming a February 19, 2019 decision of an Immigration Judge ("IJ") denying Hamal asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Hamal asserts that he suffered past persecution as a member of the Nepali Congress Party ("NCP"), which he joined in 2015. Hamal testified that members of the Communist Party of Nepal (Maoist Centre) ("Maoists"), the ruling party in the government, threatened and beat him. On October 18, 2017, four Maoists threatened and assaulted him as he hung NCP posters. The Maoists asked him to support the Maoist party and threatened him if he did not do so. They also tore down the posters. On November 21, 2017, six Maoists wielded sticks and beat Hamal for approximately four minutes, causing bleeding from his nose and mouth. Hamal was hospitalized for six or seven hours. He sustained wounds to his hands, legs, and back, and the injuries took a week to heal. The Maoists also verbally threatened Hamal seven or eight times. When Hamal tried to report the November 2017 incident to the police, the police declined to take the report due to its political nature. The same night that Hamal attempted to report the incident to the police, Maoists went to Hamal's home and called his name, but he escaped from his back door and hid. The Maoists asked him why he went to report the incident to the police. Hamal then moved to Kathmandu for eight or nine days where he continued to receive threats over the phone from Maoists.

We have reviewed both the IJ and BIA decisions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Lecaj v. Holder*, 616 F.3d 111, 114 (2d Cir. 2010) (reviewing factual findings for substantial evidence and questions of law and application of law to fact de novo).

The BIA has defined persecution as "a threat to the life or freedom of, or the infliction of suffering or harm upon, those who differ in a way regarded as offensive." *Matter of Acosta*, 19 I. & N. Dec. 211, 222 (BIA 1985). Persecution may include "non-life-threatening violence and physical abuse," but the harm must rise above "mere harassment." *Beskovic v. Gonzales*, 467 F.3d 223, 226 & n.3 (2d Cir. 2006); *Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 341 (2d Cir. 2006). Beatings can constitute persecution. *See, e.g.*, *Yan Chen v. Gonzales*, 417 F.3d 268, 275 (2d Cir. 2005) ("beatings and torture can constitute persecution"); *Tian-Yong Chen v. INS*, 359 F.3d 121, 128 (2d Cir. 2004) ("[P]hysical harm inflicted on an applicant on account of his religious beliefs is a circumstance relevant to establishing past persecution, and such harm is also relevant to establishing a well-founded fear of future persecution."). However, "[t]here is no requirement that a petitioner claiming past persecution allege either detention or physical harm." *Manzur v. U.S. Dep't of Homeland Sec.*, 494 F.3d 281, 292 (2d Cir. 2007).

2

We conclude that the BIA and IJ did not adequately explain why the two assaults Hamal experienced were insufficiently severe to amount to persecution, depriving this Court of the opportunity to conduct a meaningful judicial review. *See Rizal v. Gonzales*, 442 F.3d 84, 87, 92 (2d Cir. 2006) (explaining that two beatings, one where a "coworker punched [the applicant] in the face and caused his lips to bleed and his teeth to sink into his gums" and another where three people attacked the applicant causing his nose to bleed, would have provided "significant support" for his persecution claim); *see also Poradisova v. Gonzales*, 420 F.3d 70, 77 (2d Cir. 2005) ("Despite our generally deferential review of IJ and BIA opinions, we require a certain minimum level of analysis from the IJ and BIA opinions denying asylum, and indeed must require such if judicial review is to be meaningful.").

While the BIA stated that the November 2017 beating required hospitalization and Hamal's injuries took a week to heal, it concluded that the assaults did not constitute persecution because neither resulted in injuries requiring significant medical treatment. The BIA failed to explain why the medical treatment Hamal received (in conjunction with the prior assault and repeated threats) was insufficient to establish persecution, and to address Hamal's attempt to report the beating to the police. We therefore vacate its decision. On remand, the BIA, or the IJ, should also consider the extent of any potential government involvement given that Hamal testified that Maoists went to his home after he attempted to report the beating to the police.

The BIA and IJ also determined that Hamal did not have a well-founded fear of future persecution because he could relocate within Nepal, as evidenced by his eight or nine-day stay in Kathmandu. We do not reach this finding because, absent a conclusion that Hamal did not suffer past persecution, the government would have borne the burden of proof on this issue. *See* 8 C.F.R. § 1208.13(b)(1)(i)(B), (ii) ("In cases in which an applicant has demonstrated past persecution . . . the Service shall bear the burden of establishing by a preponderance of the evidence" that the "applicant could avoid future persecution by relocating to another part of the applicant's country of nationality"). We also decline to reach Hamal's arguments regarding humanitarian asylum and due process. Because the time constraints that prompted the IJ's exclusion of Hamal's medical report, membership letter from the NCP, and country conditions evidence are no longer present, the IJ and BIA should consider such evidence on remand.

For the foregoing reasons, Hamal's petition for review is GRANTED, the BIA's decision is VACATED, and the case is REMANDED for further proceedings consistent with this order. Because this Court previously granted Hamal's motion to supplement the record on appeal with the Nepal 2018 Human Rights Report, that motion is not before us.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3